IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 23 2010

J T NOBLIN  CLERK
BY_____DEPUTY

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. 3:10cv527 HTW LRA |
| | ) | |
| HUTTIG BUILDING PRODUCTS, INC., | ) | |
| RALPH HARRIS, J.D. WALTON, | ) | |
| JONATHAN WALTON, AND ETHEL | ) | |
| WALTON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Ace American Insurance Company ("ACE"), and files this declaratory judgment action against Defendants, Huttig Building Products, Inc. ("Huttig"), Ralph Harris ("Harris"), J.D. Walton, Jonathan Walton and Ethel Walton (collectively, "the Waltons") as follows:

### INTRODUCTION

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2202 to determine and resolve questions of actual controversy involving a business auto coverage policy issued by ACE to Huttig.  ACE issued Policy No. ISAH07932510 for the policy period of December 16, 2004 through October 1, 2005 (the "ACE Policy," attached hereto as Exhibit "A").

2.     ACE seeks a declaration from this Court that it has no duty to defend, indemnify, or otherwise pay the Defendants under the ACE Policy in connection with a default judgment entered against Ralph Harris in the action styled *J.D. Walton,*

*individually, Ethel Walton and Jonathan Walton, a minor by and through his natural*

*father J.D. Walton v. Huttig Building Products, Inc., Arthur Gallagher & Company,*

*Ralph Harris and John does 1-10*, In the Circuit Court of the Second Judicial District of

Hinds County, Mississippi, Case No. 2006-14 (the "Underlying Lawsuit", attached hereto

as Exhibit "B").  ACE further seeks a declaration that it does not owe insurance coverage

to Mr. Harris for any of the incidents described in the Underlying Lawsuit or any

judgment entered therein.

## THE PARTIES

3.      Plaintiff ACE is a Pennsylvania corporation organized and existing under

the laws of the State of Pennsylvania, with its principle place of business in Philadelphia,

Pennsylvania.

4.      Defendant Huttig is a Delaware corporation with its principle place of

business in Missouri.  Huttig may be served with process upon its registered agent, CT

Corporation Systems, 645 Lakeland East Drive, Suite E 101, Flowood, Mississippi

39232.

5.      Defendant Harris is an adult resident of Hinds County, Mississippi and

may be served with process at 918 Willow Street, Jackson, Mississippi 39204.

6.      Defendant J.D. Walton is an adult resident of Hinds County, Mississippi

and may be served with process at 3092 Goat Hill Road, Edwards, Mississippi 39066.

7.      Defendant Ethyl Walton is an adult resident of Hinds County, Mississippi

and may be served with process at 3092 Goat Hill Road, Edwards, Mississippi 39066.

8.      Defendant Jonathan Walton is an adult resident of Hinds County,

Mississippi and may be served at 3092 Goat Hill Road, Edwards, Mississippi 39066.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because ACE and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10.    At issue in this case is ACE's defense and indemnity obligations to the Defendants arising from alleged bodily injuries sustained by J.D. Walton and Jonathan Walton as a result of a motor vehicle accident that took place on April 20, 2005 in Hinds County, Mississippi, which is more specifically described in the Underlying Lawsuit, and which resulted in a default judgment being entered against Mr. Harris on November 16, 2009, in the amount of $1,620,407..

11.    At issue in this case is coverage under an insurance policy with limits of $2,000,000 per occurrence, for a $1,620,407 default judgment entered against Ralph Harris. Therefore, the monetary value of the object of this declaratory judgment action exceeds the sum of $75,000, exclusive of interest and costs.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because the Defendants reside in or conduct business in Mississippi and in this judicial district.

## FACTUAL BACKGROUND

13.    On or about April 20, 2005, J.D. Walton and Jonathan Walton allegedly sustained injuries when they were involved in an automobile accident with Ralph Harris in Hinds County, Mississippi ("the Accident").

14.    Mr. Harris was allegedly operating a tractor trailer for Huttig at the time of the accident.

15.    Huttig was allegedly insured under the ACE Policy at the time of the Accident.

16.     On or about May 2006, the Underlying Lawsuit was filed against Huttig and Harris. (*See* Exhibit "B").

17.     The Court in the Underlying Lawsuit entered a default judgment in the amount of $1,620,407.00 in favor of J.D. Walton and Ethel Walton and against Mr. Harris on November 16, 2009. (the "Default Judgment", attached hereto as Exhibit "C").

18.     On December 2, 2009, the Waltons filed a Suggestion of Garnishment against Huttig and ACE and a Writ of Garnishment was issued thereafter on December 3, 2009. (*See* Suggestion of Garnishment, attached hereto as Exhibit "D").

19.     Service of the garnishment action upon ACE was its first notice that Mr. Harris had been served with the Underlying Lawsuit and that a default judgment had been entered against him.

20.     Mr. Harris never provided ACE with notice of the Underlying Lawsuit.

21.     ACE made multiple attempts to contact Mr. Harris and attempted to retain counsel to represent Mr. Harris, however, Mr. Harris refused to cooperate with ACE and refused representation under the ACE Policy.

22.     ACE now seeks a ruling from this Court that (a) there is no coverage under the ACE Policy for Mr. Harris for any and all claims asserted against him in the Underlying Lawsuit; (b) that ACE has no obligation to defend Mr. Harris in the Underlying Lawsuit; and (c) that, therefore, ACE has no obligation to defend, indemnify, or otherwise pay any defendant in connection with the default judgment entered against Mr. Harris in the Underlying Lawsuit.

## RELEVANT PROVISIONS OF THE POLICY

23.     The Insuring Agreement in Coverage A of the Policy provides, in relevant

part, as follows:

**CG 00 01 (10/01)**

**BUSINESS AUTO COVERAGE FORM**

\*\*\*

## SECTION II – LIABILITY COVERAGE

A.   **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*

We have the right and duty to defend any "insured" against a "suit" asking for such damages…However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"…to which this insurance does not apply.

\*\*\*

## SECTION IV – BUSINESS AUTO CONDITIONS

\*\*\*

2.   **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a.   In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss".  Include:

(1)   How, when and where the "accident" or "loss" occurred;

(2)    The "insured's" name and address; and

(3)    To the extent possible, the names and addresses of any injured persons and witnesses.

b.    Additionally, you and any other involved "insured" must:

(1)    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2)    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4)    Authorize us to obtain medical records or other pertinent information.

\*\*\*

c.    If there is "loss" to a covered "auto" or its equipment you must also do the following:

\*\*\*

(4)    Agree to examinations under oath at our request and give us a signed statement of your answers.

\*\*\*

## SECTION V – DEFINITIONS

\*\*\*

C.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death

resulting from any of these at any time.

\*\*\*

**M.**   "Suit" means a civil proceeding in which:

1.       Damages because of "bodily injury"…

\*\*\*

to which this insurance applies are alleged.

\*\*\*

## COUNT ONE: DECLARATORY JUDGMENT

24.     ACE incorporates herein by reference each of the allegations contained in Paragraphs 1 through 23 above.

25.     ACE is not obligated to defend or indemnify Mr. Harris or any other Defendant for the claims asserted against Mr. Harris or for any judgment entered against him in the Underlying Lawsuit, because Mr. Harris failed to comply with the notice and cooperation provisions of the ACE Policy.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Ace American Insurance Company requests that judgment be entered in this action:

A.       Declaring that Mr. Harris is not entitled to coverage under the ACE Policy for the claims asserted in the Underlying Lawsuit;

B.       Declaring that ACE has no duty to defend, indemnify, or otherwise pay Mr. Harris or the Defendants in connection with the default judgment entered against Mr. Harris in the Underlying Lawsuit;

C.       Awarding ACE its costs, attorneys fees and disbursements; and

D.     Declaring that ACE is entitled to further relief as may be necessary and

proper.

Respectfully submitted this 23 day of September, 2010.

/s/ B. Stevens Hazard
B. Stevens Hazard
Mississippi Bar No. 2140
E-mail: shazard@danielcoker.com
David B. Strickland
Mississippi Bar No. 103453
E-mail: dstrickland@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, MS  39215-1084
(601) 969-7607 (Telephone)
(601) 969-1116 (Facsimile)


Kenan G. Loomis, Esq.
E-mail: kloomis@cozen.com
Cozen O'Connor
Suite 2200, SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA   30308-3264
404-572-2000 (Telephone)
877-728-1396 (Facsimile)
Pro Hac Vice to be applied for